NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CALVIN THOMPSON,<br><br>        Plaintiff,<br><br>v.<br><br>JOSEPH P. DONOHUE, Individually, and in his official capacity as Justice of the Superior Court of Union County, THEODORE J. ROMANKOW, Individually and in his official capacity as Prosecutor of Union County, DOUGLAS T. KABAK, Individually and in his official capacity as Public Defender of Union County, JOHN DOE, Individually and in his/her official capacity as Assistant Prosecutor of Union County, JOHN DOE, Individually and in his/her official capacity as Police Officer at the Elizabeth Police Department, JOHN DOE, Individually and in his/her official capacity as Public Defender of Union County,<br><br>        Defendants. | Civil Action No. 07-2114 (JAG)<br><br>**OPINION** |

**GREENAWAY, JR., U.S.D.J.**

       This matter comes before this Court on the motion to dismiss by Defendant Judge Joseph P. Donohue, J.S.C. ("Judge Donohue"), pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted. For the reasons set forth below, this motion will be granted, and the Complaint shall be dismissed, without prejudice.

## I. BACKGROUND

The Complaint centers upon allegations of impropriety arising in the state criminal prosecution against the pro se Plaintiff in this case, Calvin Thompson ("Plaintiff"). Judge Donohue presides over the state criminal proceeding, while Defendant Theodore J. Romankow ("Romankow") serves as the prosecutor and Defendant Douglas T. Kaback ("Kaback," and, collectively with Romankow and Judge Donohue, the "Defendants") is the public defender representing Plaintiff. (Compl. 1.) The Complaint also addresses three unnamed defendants: a public defender in Union County, an assistant prosecutor in Union County, and a police officer at the Elizabeth Police Department (collectively, the "Unnamed Defendants"). (Id.)

On April 18, 2006, Plaintiff was arrested in Elizabeth, New Jersey after a police officer observed him attempting to sell pirated DVDs to pedestrians. Plaintiff was indicted by a grand jury in Union County for advertising or offering for sale, resale, rental, or transport eight or more audiovisual works and/or one or more sound recordings, in violation of N.J. STAT. ANN. § 2C:21-21. (Certification of Alyson R. Jones ("Jones Certif.") Exh. 1.)

On September 12, 2006, Kabak filed, on Plaintiff's behalf, a motion to suppress. (Compl. 4.) After hearing testimony and considering the arguments of Kabak and Romankow, Judge Donohue denied the motion to suppress in an order dated November 3, 2006. (Jones Certif. Exh. 2.)

Immediately after the suppression hearing, Plaintiff wrote a letter to Judge Donohue complaining about Kabak's alleged misconduct. (Compl. 5.) A copy of this letter was also sent to Kabak on November 8, 2006. (Id.) Plaintiff alleges that Judge Donohue "concealed it [the letter], covered it up." (Id.)

Plaintiff also alleges that Judge Donohue prohibited him from terminating Kabak as his counsel. On November 13, 2006, after Plaintiff "hand delivered a letter to the prosecutor, to Douglas Kabak, and the judge's law clerk . . . . regarding termination of the suspect public defender, witness tampering and obstruction of justice, and a request for an investigation," the Complaint states that Judge Donohue "ordered [Plaintiff] to continue to retain the Ineffective counsel . . . ." (Compl. 7.) The Complaint also states that, on December 4, 2006, after hearing that Plaintiff refused to have any contact with Kabak, Judge Donohue threatened to revoke Plaintiff's bail if Plaintiff did not speak with Kabak. (Compl. 8.) According to Plaintiff, Kabak used this power to present Plaintiff with "[p]lea papers to sign[,] in an attempt to coerce a plea." (Id.)

The Complaint also states that, on December 11, 2006, Judge Donohue stated in court, "Okay Mr. Thompson then we will see you on February 15, 2007 for trial." (Id.) However, Plaintiff claims that "[a] 'false warrant' was issued for my arrest by Judge Donohue for not coming into court for an alleged 'Status Conference' [on January 19, 2007]." (Id.) The Complaint states that the warrant was ultimately rescinded, however. (Id.)

On February 11, 2007, the day on which Plaintiff was assigned a private pool attorney to represent him at trial, Plaintiff states that Judge Donohue scheduled a trial date of May 7, 2007. (Compl. 3.) Plaintiff contends that the trial date selected by Judge Donohue was unfair because it did not allow enough time for the pool attorney to review the case. (Id.)

Plaintiff filed the Complaint in this Court on May 4, 2007, alleging, pursuant to 42 U.S.C. § 1983, that his Fourth, Fifth, Sixth, and Fourteenth Amendment rights were violated by the Defendants. (Compl. 2.) Plaintiff asserts that the Defendants engaged in unlawful tactics in

3

order to force him to plead guilty to the offense or to acquire a conviction against him. (Id.) Specifically, Plaintiff contends that the Union County Prosecutor's Office withheld information related to alleged deficiencies in the evidence (Compl. 9), and that Kabak "deliberately sabatoged and botched" the suppression hearing (Compl. 4-6). Plaintiff also argues that Kabak lied when informing Plaintiff that he could not appeal Judge Donohue's ruling in the suppression hearing. (Id.)

With regard to his claims against Judge Donohue, Plaintiff asserts that "Judge Donohue stated that he was there 'representing' the state," and that he "'knowingly' joined the conspiracy to maliciously assist in [Plaintiff's] prosecution." (Compl. 6.) He also argues in the Complaint that "Judge Donohue failed to advise me that I had a right to appeal that matter [specifically, the order denying the motion to suppress]." (Id.)

As relief, Plaintiff requests an injunction terminating the state court's jurisdiction in the criminal action and dismissing the case. (Compl. 10.) Plaintiff also requests "fines, penalties, damages, administrative cost, attorney fees, [and] investigative and prosecutorial fees." (Id.) In addition, the Complaint demands a subpoena for witnesses and full discovery, as well as a summons requiring the Defendants "to testify under oath regarding these allegations." (Id.) Last, Plaintiff requests the issuance of an immediate "Order of Protection," based on the Defendants' allegedly "threatening and unlawful conduct." (Id.)

Judge Donohue filed the instant motion to dismiss on July 30, 2007. Judge Donohue argues in the motion that all claims raised against him in the Complaint should be dismissed because Judge Donohue (1) is entitled to absolute immunity against Section 1983 claims; (2) is entitled to sovereign immunity under the Eleventh Amendment; and (3) is not a "person" subject

4

to suit under Section 1983. Judge Donohue also argues that the Complaint should be dismissed in accordance with the abstention doctrine set forth in Younger v. Harris, 401 U.S. 37 (1971).

Plaintiff filed a brief responding to the motion to dismiss on August 24, 2007. On September 18 and 21, 2007, Plaintiff filed an "Affidavit - Supporting Certification for the Complaint" and an "Amended Affidavit - Supporting Certification for the Complaint," respectively. To date, neither party has submitted any additional information regarding the status of the state criminal proceeding.

## II. STANDARD OF REVIEW

A complaint should be dismissed only if the alleged facts, taken as true, fail to state a claim. See In re Warfarin Sodium, 214 F.3d 395, 397-98 (3d Cir. 2000). The question is whether the claimant can prove any set of facts consistent with his allegations that will entitle him to relief, not whether that person will ultimately prevail. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Semerenko v. Cendant Corp., 223 F.3d 165, 173 (3d Cir. 2000).

On a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), this Court is required to accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and to view them in the light most favorable to the non-moving party. See Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 (3d Cir. 1994). The court may consider the allegations of the complaint, as well as documents attached to or specifically referenced in the complaint, and matters of public record. See Pittsburgh v. W. Penn Power Co., 147 F.3d 256, 259 (3d Cir. 1998); 5B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure: Civil 3d § 1357 (3d ed. 2007). However, it will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form

of factual allegations.  Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957), while abrogating the decision in other respects).  "The pleader is required to 'set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that these elements exist.'"  Kost v. Kozakewicz, 1 F.3d 176, 183 (3d Cir. 1993) (quoting 5A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure Civil 2d § 1357 at 340) (2d ed. 1990).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do."  Twombly, 127 S. Ct. at 1964-65.  "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true."  Id. at 1965.

The court's review of the sufficiency of a pro se complaint, "however inartfully pleaded," is less stringent than its review of pleadings prepared by lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).

## III.  ANALYSIS[1]

**A.     Standing**

Although Judge Donohue has not raised standing as an issue in this case, this Court may raise sua sponte any issues surrounding this jurisdictional requirement. Juidice v. Vail, 430 U.S. 327, 331 (1977); Addiction Specialists, Inc. v. Twp. of Hamilton, 411 F.3d 399, 405 (3d Cir. 2005). Article III of the Constitution requires all plaintiffs to have standing in order to maintain a lawsuit against a defendant. Addiction Specialists, 411 F.3d at 405. The Supreme Court has confirmed the well-established elements necessary to establish standing:

> First, the plaintiff must have suffered an 'injury in fact' – an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of . . . . Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

United States v. Hays, 515 U.S. 737, 742-43 (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992)).

The Complaint references an ongoing criminal proceeding, and does not allege that he was convicted by the jury. Indeed, Plaintiff filed the Complaint three days before the criminal trial was scheduled to begin. Plaintiff's allegations against the Defendants do not reference an

---

[1] Plaintiff argues, incorrectly, that "[t]he Defendants' time limit to respond to my valid complaint has EXPIRED . . . ." (Pl. Br. 1.) Rule 12(a)(1)(A)(ii) states that, if a defendant timely waived service in accordance with Rule 4(d), the defendant has sixty days within which to serve his answer or response to the Complaint. Under Rule 4(d), a plaintiff requesting that a defendant waive service of the complaint must "give the defendant a reasonable time of at least thirty days after the request was sent . . . to return the waiver . . . ." FED. R. CIV. P. 4(d)(1)(F). Judge Donohue returned the signed waiver of service on June 1, 2007, less than a month after the Complaint was filed, then filed the instant motion to dismiss within the sixty day time limit, on July 30, 2007.

7

injury that is actual or imminent.  It remains possible that the jury will acquit Plaintiff of all criminal charges.  Absent a conviction against him, the Complaint has not set forth sufficient information showing that Plaintiff suffered an injury worthy of finding that he has standing to raise the instant claims against the Defendants and the Unnamed Defendants.  Based on Plaintiff's lack of standing, this Court shall accordingly, dismiss the Complaint, without prejudice.

## IV.  CONCLUSION

After reviewing sua sponte the issue of standing, and for the reasons stated above, the motion to dismiss by Judge Donohue shall be granted, and the Complaint shall be dismissed in its entirety, against the Defendants and the Unnamed Defendants, without prejudice.

 S/Joseph A. Greenaway, Jr.
JOSEPH A. GREENAWAY, JR., U.S.D.J.

Date: March 6, 2008